United States District Court
Eastern District of Michigan

**Jilmar Ramos-Gomez,**

    Plaintiff,

v.

**Rebecca Adducci, Derek Klifman, Matthew Lopez, Richard C. Groll, and John Doe Supervisory Detention and Deportation Officer,**

    Defendants.

Civil No. 19-13475

Honorable Laurie J. Michelson
Mag. Judge Michael J. Hluchaniuk

## Defendant Matthew Lopez's Motion to Dismiss Amended Complaint

As described more fully in the attached brief, defendant Matthew Lopez moves to dismiss plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim against him and because he is entitled to qualified immunity from plaintiff's claims.

Pursuant to Local Rule 7.1, defendant sought concurrence in this motion, but concurrence was not obtained.

                                                **Matthew Schneider**
                                                United States Attorney

                                                */s/ Zak Toomey*
                                                **Zak Toomey** (MO61618)
                                                Assistant U.S. Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9617
Dated: May 6, 2020                                zak.toomey@usdoj.gov

United States District Court
Eastern District of Michigan

**Jilmar Ramos-Gomez,**

    Plaintiff,

v.

**Rebecca Adducci, Derek Klifman,
Matthew Lopez, Richard C. Groll,
and John Doe Supervisory Detention
and Deportation Officer,**

    Defendants.

Civil No. 19-13475

Honorable Laurie J. Michelson
Mag. Judge Michael J. Hluchaniuk

## Defendant Matthew Lopez's Brief in Support of His Motion to Dismiss Amended Complaint

### Issues Presented

I. Whether plaintiff's § 1985(3) claim is barred by the intracorporate conspiracy exception when the exception bars § 1985(3) claims if all defendants work for the same entity and all of the defendants in this case work for the same federal agency.

II. Whether Officer Lopez is entitled to qualified immunity from plaintiff's claims when the law plaintiff relies upon is not clearly established.

III. Whether plaintiff's § 1986 claim is invalid when federal officials are immune from such claims and § 1986 claims cannot proceed unless plaintiff has alleged a valid § 1985 claim.

# Table of Contents

Table of Authorities ................................................................................................. iii
Introduction ............................................................................................................... 1
Background ............................................................................................................... 2
Standard of Review .................................................................................................. 3
Argument ................................................................................................................... 3
    I.    Plaintiff Has Failed to State a Claim Against Officer Lopez ....................... 4
    II.   Officer Lopez is Entitled to Qualified Immunity ......................................... 9
    III.  Plaintiff's § 1986 Claim Against Officer Lopez Should Be Dismissed ..... 11
Conclusion .............................................................................................................. 12
Certification of Service ........................................................................................... 14

ii

# Table of Authorities

**Cases:**

*Amadasu v. The Christ Hosp.*, 514 F.3d 504 (6th Cir. 2008)

*Anderson v. Creighton*, 483 U.S. 635 (1987)

*Armstrong v. City of Melvindale*, 432 F.3d 695 (6th Cir. 2006)

*Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980)

*Cantú v. Moody*, 933 F.3d 414 (5th Cir. 2019)

*Cmty. Bhd. of Lynn, Inc. v. Lynn Redevelopment Auth.*, 523 F. Supp. 779 (D. Mass. 1981)

*Elder v. Holloway*, 510 U.S. 510 (1994)

*Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623 (W.D. Mich. 2015)

*Grider v. City of Auburn, Ala.*, 618 F.3d 1240 (11th Cir. 2010)

*Griffin v. Breckenridge*, 403 U.S. 88 (1971)

*Hill v. McMartin*, 432 F. Supp. 99 (E.D. Mich. 1977)

*Hunter v. Bryant*, 502 U.S. 224 (1991)

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019)

*Roth v. Guzman*, 650 F.3d 603 (6th Cir. 2011)

*Saucier v. Katz*, 533 U.S. 194 (2001)

*Stockheimer v. Underwood*, 428 F. Supp. 192 (W.D. Wis. 1977)

*Vincent v. Dep't of Health & Human Servs.*, 600 F. Supp. 110 (D. Nev. 1984), *aff'd*, 794 F.2d 683 (9th Cir. 1986)

*Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218 (6th Cir. 1991)

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)

**Statutes:**

42 U.S.C. § 1985(3)

42 U.S.C. § 1986

**Other Authorities:**

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 19

## Introduction

In this case, plaintiff accuses Matthew Lopez, a U.S. Immigration and Customs Enforcement (ICE) officer, of conspiring with the director of ICE's Detroit Field Office and two other ICE officers to violate his civil rights under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. Specifically, plaintiff alleges that, after Grand Rapids police arrested plaintiff at a hospital and detained him for three weeks, Officer Lopez detained him for an additional three days to initiate immigration proceedings, even though plaintiff is a United States citizen.

Presumably, for strategic reasons, plaintiff has not brought any claim against Officer Lopez for an alleged constitutional violation under *Bivens*. Instead, plaintiff's only claims against Officer Lopez are for conspiracy. Therefore, if plaintiff cannot prove both a constitutional violation *and* an overt agreement to violate plaintiff's equal protection rights based on class-based animus with two or more alleged co-conspirators, Officer Lopez must be dismissed from this case.

As described below, plaintiff has not stated a valid claim against Officer Lopez under § 1985(3) or § 1986. The intracorporate conspiracy exception bars plaintiff's § 1985(3) claim against all defendants because all of them work for the same agency. Even if plaintiff had pleaded a valid § 1985(3) claim against Officer Lopez, Officer Lopez would be entitled to qualified immunity because the applicability of § 1985(3) to federal officials is not clearly established. Plaintiff's

claims under § 1986 are derivative of his § 1985(3) claim and, because his § 1985(3) claim is invalid, his § 1986 claim against Officer Lopez is also defective. Accordingly, Officer Lopez respectfully requests that the Court dismiss plaintiff's claims against him.

## Background

Plaintiff alleges that he was arrested by Grand Rapids police after "suffering a mental health episode" at a Grand Rapids hospital. (Am. Compl., ECF No. 14, PageID.142, ¶ 14). Based on that arrest, he was detained at a correctional facility in Grand Rapids for approximately three weeks. (*Id.*, PageID.146, ¶ 33).

An off-duty Grand Rapids police officer saw a local news report about plaintiff's arrest "and sent an email to ICE officer Derek Klifman, asking: 'Could you please check his status?'" (*Id.*, PageID.146, ¶¶ 16–17).

Sometime later, Officer Lopez concluded that plaintiff "is a foreign national illegally in the U.S." based "[u]pon review of database information." (*Id.*, PageID.145–46, ¶¶ 31–32). Officer Lopez obtained a detainer for plaintiff, which would take effect after plaintiff was released for his arrest at the hospital. (*Id.*, PageID.145, ¶¶ 25–26).

On November 26, 2019, a Grand Rapids police officer sent an email to Officer Lopez and a non-party titled "Spectrum Helicopter Pad Loco." (*Id.*, PageID.146–47, ¶ 34). In mid-December, plaintiff was transferred to ICE custody

2

and detained at the Calhoun County Correctional Facility for three days. (*Id.*, PageID.149, ¶ 44).

Plaintiff has not asserted a claim against Officer Lopez for violating his constitutional rights under *Bivens*. (*See* Am. Compl., ECF No. 14). Instead, plaintiff's only claims against Officer Lopez are for conspiracy § 1985(3) and § 1986. (*Id.* at PageID.154, 156). Those claims are directed against Officer Lopez in his personal capacity; not his official capacity. (*Id.*, PageID.142, ¶ 11).

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## Argument

Plaintiff has not alleged a valid claim of conspiracy against Officer Lopez under § 1985(3). The Sixth Circuit bars claims under § 1985(3) when all of the

3

defendants work for the same entity under the intracorporate conspiracy exception. *See Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991). All of the defendants in this case work for the same federal agency, and the alleged conspiracy occurred within the scope of their employment. Therefore, plaintiff's § 1985(3) claim is barred by the intracorporate conspiracy exception.

Even if plaintiff had stated a claim against Officer Lopez, Officer Lopez would be entitled to qualified immunity. Qualified immunity bars claims against federal officials if the law in question is not clearly established. The Supreme Court recently acknowledged that the law regarding whether federal officials can be held liable for a conspiracy under § 1985(3) is unclear. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868–69 (2017). Therefore, federal officials cannot be held liable for allegedly conspiring with one another during the performance of their job duties because their potential liability under § 1985(3) is not clearly established.

Finally, a claim under § 1986 cannot proceed without an underlying § 1985(3) claim. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980). Because plaintiff does not have a valid § 1985(3) claim against Officer Lopez, he does not have a valid § 1986 claim either.

I. **Plaintiff Has Failed to State a Claim Against Officer Lopez**

"The Reconstruction-era Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others of

4

legal rights." *Volunteer Med. Clinic, Inc.*, 948 F.2d at 223 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)).

The Sixth Circuit applies the "intracorporate conspiracy" exception to claims under § 1985(3). *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008); *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019) ("The intracorporate conspiracy doctrine . . . has been applied to 42 U.S.C. § 1985(3) by this court."); *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 631 (W.D. Mich. 2015) ("in the context of civil conspiracy claims brought pursuant to 42 U.S.C. § 1985(3), the Sixth Circuit adheres to the intra-corporate conspiracy doctrine.").

Under the intracorporate conspiracy exception, "there are not two separate 'people' to form a conspiracy," when "all of the defendants are members of the same collective entity." *Amadasu*, 514 F.3d at 507; *see also Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) ("[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves.").

The Supreme Court recently articulated several reasons why § 1985(3) claims are especially inappropriate when asserted against federal employees within the same agency. *See Ziglar*, 137 S. Ct. at 1868–69 ("there are other sound reasons to conclude that conversations and agreements between and among federal

5

officials in the same Department should not be the subject of a private cause of action for damages under § 1985(3).")." *Id.*

Specifically, the Supreme Court recognized that "open discussion among federal officers is to be encouraged" and "[c]lose and frequent consultations to facilitate the adoption and implementation of policies are essential to the orderly conduct of governmental affairs." *Ziglar*, 137 S. Ct. at 1868–69. "Were those discussions . . . to be the basis for private suits seeking damages against the officials as individuals, the result would be to chill the interchange and discourse that is necessary for the adoption and implementation of governmental policies." *Id.* As a result, "[t]hese considerations suggest that officials employed by the same governmental department do not conspire when they speak to one another and work together in their official capacities." *Id.*

Here, the intracorporate conspiracy exception bars plaintiff's claims against the defendants. Director Adducci and Officers Klifman, Lopez, and Groll are all employees of the same federal agency. (*See* Am. Compl., ECF No. 14, PageID.141–42, ¶¶ 9–13). Plaintiff concedes that all of them were acting in the course of their responsibilities as federal law enforcement officials. (*See id.*). Plaintiff's only allegation against Director Adducci is that she supervises all ICE activities in Michigan and Ohio. (*See id.*, PageID.145, ¶¶ 27–28). Plaintiff's only allegation against Officer Klifman is that he forwarded an email from a local police

6

officer requesting ICE assistance to Officer Lopez. (*Id.*, PageID.143, 144, ¶¶ 17, 20). Plaintiff alleges that Officer Lopez interviewed plaintiff, accessed databases, and issued an immigration detainer. (*Id.* at PageID.144–45, ¶¶ 21–24). These are fundamental and routine aspects of defendants' job duties. To allow claims of conspiracy under § 1985(3) based upon this conduct would have precisely the chilling effect on defendants' statutorily mandated federal duties the Supreme Court warned of in *Zigler v. Abbasi*.

Plaintiff may argue that the "conspiracy" in this case extended beyond ICE; therefore, the intracorporate conspiracy exception does not apply. That argument is incorrect.

First, the Sixth Circuit precedent governing this issue speaks in terms of "defendants," therefore, the possible existence of un-joined co-conspirators does not defeat the intracorporate conspiracy exception. *See Amadasu*, 514 F.3d at 507 ("there are not two separate 'people' to form a conspiracy," when "*all of the defendants are members of the same collective entity*") (emphasis added). There is no doubt that all of the defendants in this case are employed by ICE. As a result, it is irrelevant whether plaintiff argues that there may be additional un-joined co-conspirators.[1]

---

[1] If plaintiff makes such an argument, then his suit is subject to dismissal under Rule 19 for failure to join an indispensable party. *See* Fed. R. Civ. P. 19.

Second, even if there were an un-joined co-conspirator, the intracorporate exception would still bar plaintiff's § 1985(3) claim. In the Sixth Circuit, the exception bars § 1985(3) claims, even if the alleged conspirators are employed by different organizations, as long as the organizations worked closely on the subject matter of the alleged conspiracy. *See Amadasu*, 514 F.3d at 507.

For instance, in *Amadasu* a hospital terminated an employee and the employee sued several hospital employees, employees of a closely related organization, and one other individual who had worked with the hospital on Amadasu's termination. *Amadasu*, 514 F.3d at 506–507. The employee "alleged that the defendants conspired to deprive him of his civil rights" and asserted a claim against them under § 1985(3). *Id.* at 506. However, the Sixth Circuit held that the employee's claim under § 1985(3) was barred by the intracorporate conspiracy exception because "the individual defendants were acting within the scope of their employment and all of the defendants were acting as a collective entity," even though there were, in fact, two entities, and another individual allegedly involved. *Id.* at 507. Accordingly, even if plaintiff were to argue that there were un-joined co-conspirators in the Grand Rapids police department or one of the correctional facilities, the intracorporate conspiracy exception would still bar plaintiff's § 1985(3) claims against Director Adducci and Officers Klifman, Lopez, and Groll.

8

## II. Officer Lopez is Entitled to Qualified Immunity

A federal official is entitled to qualified immunity from claims under § 1985(3). *See Ziglar*, 137 S. Ct. at 1866 (stating that "the question is whether" federal officials "are entitled to qualified immunity" when faced with claims under § 1985(3)). Qualified immunity protects public officials from the necessity of defending against civil damages lawsuits. *Armstrong v. City of Melvindale*, 432 F.3d 695, 699 (6th Cir. 2006). "The central purpose of affording public officials qualified immunity from suit is to protect them from undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (internal quotations and citations omitted); *Ziglar*, 137 S. Ct. at 1866 ("permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.").

To analyze a claim for qualified immunity, courts use a two-part test: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Armstrong*, 432 F.3d at 699. Once a defendant raises a defense of qualified immunity, the plaintiff

9

bears the burden of showing that the defendant is not entitled to that immunity. *Roth v. Guzman*, 650 F.3d 603, 609 (6th Cir. 2011) (citation omitted).

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotations and citations omitted); *Ziglar*, 137 S. Ct. at 1866 ("The doctrine of qualified immunity gives officials 'breathing room to make reasonable but mistaken judgments about open legal questions.'") (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083–85 (2011)).

Under the doctrine of qualified immunity, to be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right;" that is, "in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Saucier*, 533 U.S. at 202; *al-Kidd*, 131 S. Ct. at 2083–85. In contrast, "[w]hen the courts are divided on an issue [] central to the cause of action alleged, a reasonable official lacks the notice required before imposing liability." *Ziglar*, 137 S. Ct. at 1868.

Here, there is no clearly established law indicating that § 1985(3) applies to federal officials. At least two circuits hold that § 1985(3) does not apply to federal officials. *See Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("Our precedent holds § 1985(3) does not apply to federal officers."); *Hill v. McMartin*, 432 F.

Supp. 99, 101 (E.D. Mich. 1977) ("To the extent that the Amended Complaint seeks to rely on the Federal Civil Rights Act, 42 U.S.C. §§ 1983, 1985 and 1986, such provisions do not extend to the Federal Government itself, against whom the present equitable relief is sought."). In addition, under Sixth Circuit precedent, even if § 1985(3) applied to federal officials, claims against federal officials for conspiring with other employees of the same agency or with employees of closely related entities are barred by the intracorporate conspiracy exception. *Amadasu*, 514 F.3d at 507.

Therefore, as the Supreme Court has acknowledged, "the question is sufficiently open so that [federal] officials . . . could not be certain that § 1985(3) was applicable to their discussions and actions" and "the law . . . cannot be clearly established." *Ziglar*, 137 S. Ct. at 1868–69. Accordingly, Officer Lopez is entitled to qualified immunity from plaintiff's § 1985(3) claim.

### III. Plaintiff's § 1986 Claim Against Officer Lopez Should Be Dismissed

Generally, § 1986 does not apply to federal officials. *Vincent v. Dep't of Health & Human Servs.*, 600 F. Supp. 110, 111 (D. Nev. 1984), *aff'd*, 794 F.2d 683 (9th Cir. 1986) ("Vincent also asserts 42 U.S.C. §§ 1986 and 1988 . . . [a]gain, the United States did not waive her sovereign immunity in these sections."); *Cmty. Bhd. of Lynn, Inc. v. Lynn Redevelopment Auth.*, 523 F. Supp. 779, 782–83 (D. Mass. 1981) ("The provisions of § 1986 'do not extend to the Federal Government

11

itself, against whom the present equitable relief is sought.'"); *Stockheimer v. Underwood*, 428 F. Supp. 192, 194 (W.D. Wis. 1977) ("neither 42 U.S.C. § 1985 or § 1986 provides a cause of action against a federal official acting under color of federal law.").

Even if § 1986 applied to Officer Lopez, he is entitled to qualified immunity from plaintiff's § 1986 claim in this case. Claims under § 1986 are dependent upon claims under § 1985, such that if the claim under § 1985 fails, so does the § 1986 claim. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980) ("Section 1986 is designed to punish those who aid and abet violations of § 1985. We find no violation of § 1985. Accordingly, there can be no violation of § 1986."). Because plaintiff has not stated a valid § 1985(3) claim against Officer Lopez, his claim under § 1986 also fails.

Finally, even if there were a debate regarding whether § 1986 applied to federal officials, the law would not be sufficiently "clearly established" to overcome Officer Lopez's qualified immunity. *See Ziglar*, 37 S. Ct. at 1868.

## Conclusion

Plaintiff has failed to state a § 1985(3) claim against Officer Lopez because his claim is barred by the intracorporate conspiracy exception. In addition, Officer Lopez is entitled to qualified immunity from plaintiff's claims because the law regarding the applicability of § 1985(3) under these circumstances is not clearly

established. Finally, plaintiff's § 1986 claim against Officer Lopez is invalid because it is dependent on plaintiff's defective § 1985(3) claim and federal officials are immune from such claims. Accordingly, Officer Lopez respectfully requests that the Court dismiss all claims against him in this action.

                    Respectfully submitted,

                    **Matthew Schneider**
                    United States Attorney

                    */s/ Zak Toomey*
                    **Zak Toomey** (MO61618)
                    Assistant United States Attorney
                    211 W. Fort Street, Suite 2001
                    Detroit, Michigan 48226
                    (313) 226-9617
                    zak.toomey@usdoj.gov

Dated: May 6, 2020

## Certification of Service

I hereby certify that on May 6, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Megan Colleen Pierce
Loevy & Loevy
311 N. Aberdeen Street 3rd Floor
Chicago, IL 60607
megan@loevy.com

Miriam J. Aukerman
American Civil Liberties Union of Michigan
West Michigan Regional Office
1514 Wealth St., Se
Grand Rapids, MI  49506
maukerman@aclumich.org

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
(313) 226-9617
zak.toomey@usdoj.gov