United States District Court
Eastern District of Michigan
Southern Division

**Jilmar Ramos-Gomez,**

    Plaintiff,

v.

**Rebecca Adducci, Derek Klifman, Matthew Lopez, Richard C. Groll, and John Doe, Supervisory Detention and Deportation Officer,**

    Defendants.

Civil No. 19-13475

Honorable Laurie J. Michelson
Mag. Judge Michael J. Hluchaniuk

# Defendant Matthew Lopez's Reply in Support of His Motion to Dismiss Plaintiff's Amended Complaint

## Table of Contents

Table of Authorities ................................................................................................. ii

    I.   The Intracorporate Conspiracy Doctrine Bars Plaintiff's Claims ................... 1

    II.  Officer Lopez is Entitled to Qualified Immunity ............................................ 5

    III. Plaintiff's § 1986 Claim Against Officer Lopez Should Be Dismissed .......... 6

Conclusion ................................................................................................................ 7

# Table of Authorities

**Cases:**

*Amadasu v. The Christ Hosp.*, 514 F.3d 504 (6th Cir. 2008)

*Armstrong v. City of Melvindale*, 432 F.3d 695 (6th Cir. 2006)

*Barrow v. City of Hillview, Kentucky*, 775 F. App'x 801 (6th Cir. 2019)

*Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980)

*Cmty. Bhd. of Lynn, Inc. v. Lynn Redevelopment Auth.*, 523 F. Supp. 779 (D. Mass. 1981)

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505 (6th Cir. 1991)

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), *cert. denied sub nom.* 140 S. Ct. 855 (2020)

*Saucier v. Katz*, 533 U.S. 194 (2001)

*Stockheimer v. Underwood*, 428 F. Supp. 192 (W.D. Wis. 1977)

*Vincent v. Dep't of Health & Human Servs.*, 600 F. Supp. 110 (D. Nev. 1984), *aff'd*, 794 F.2d 683 (9th Cir. 1986)

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)

**Statutes:**

8 U.S.C. § 1357(g)

42 U.S.C. § 1985(3)

42 U.S.C. § 1986

Plaintiff alleges that ICE Officer Matthew Lopez conspired with the director of ICE's Detroit Field Office and two other ICE officers to detain plaintiff for three days, even though plaintiff is a U.S. citizen. (*See* Am. Compl., ECF No. 14). However, the intracorporate conspiracy exception bars plaintiff's claims against Officer Lopez because all of the defendants work for the same agency. Even if plaintiff had pleaded a valid § 1985(3) claim against Officer Lopez, Officer Lopez would be entitled to qualified immunity because the applicability of § 1985(3) to federal officials is not clearly established. Plaintiff's claims under § 1986 are derivative of his § 1985(3) claim and, because his § 1985(3) claim is invalid, his § 1986 claim against Officer Lopez is also defective. Accordingly, Officer Lopez respectfully requests that the Court dismiss plaintiff's claims against him.

**I.     The Intracorporate Conspiracy Doctrine Bars Plaintiff's Claims**

The Sixth Circuit applies the "intracorporate conspiracy" exception to claims under § 1985(3). *See Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008); *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). Under the intracorporate conspiracy exception, "there are not two separate 'people' to form a conspiracy," when "all of the defendants are members of the same collective entity." *Amadasu*, 514 F.3d at 507.

Here, the intracorporate conspiracy exception bars plaintiff's claims against Officer Lopez. All of the defendants are employees of the same federal agency.

(*See* Am. Compl., ECF No. 14, PageID.141–42, ¶¶ 9–13). Plaintiff concedes that all of them were acting in the course of their responsibilities as federal law enforcement officials. (*See id.*). Accordingly, plaintiff's § 1985(3) is barred by the exception.

Plaintiff argues that the possibility of un-named co-conspirators who are not employed by ICE defeat the exception. (Pl. Resp., ECF No. 25, PageID.385). This argument is incorrect.

First, the Sixth Circuit precedent governing this issue consistently speaks in terms of "defendants," therefore, the possible existence of un-joined co-conspirators does not defeat the intracorporate conspiracy exception. *See Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019), *cert. denied sub nom.* 140 S. Ct. 855 (2020) ("The intracorporate conspiracy doctrine, which states that if 'all of the *defendants* are members of the same collective entity, there are not two separate 'people' to form a conspiracy,' has been applied to 42 U.S.C. § 1985(3) by this court.") (emphasis added); *Barrow v. City of Hillview, Kentucky*, 775 F. App'x 801, 806 (6th Cir. 2019) (same); *Amadasu*, 514 F.3d at 507 (same); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) (same).

Second, the Sixth Circuit recognizes that the intracorporate conspiracy exception also bars conspiracy claims when the defendants are employed by

2

closely-related entities. *See Amadasu*, 514 F.3d at 507. Federal and state statutes and regulations require that ICE officers work closely with local law enforcement agencies when carrying out their statutorily-mandated duties. *See, e.g.*, 8 U.S.C. § 1357(g). Moreover, under the governing statutory scheme, with respect to immigration enforcement, local law enforcement agencies act as subordinates to ICE; not independent entities. (*See* DHS Guidance on Local Assistance, at 7) (publicly available at www.dhs.gov/xlibrary/assets/guidance- state-local-assistance-immigration-enforcement.pdf). Therefore, ICE and local law enforcement are closely-related entities under the exception.

Further, there is good reason for the exception to bar plaintiff's conspiracy claim in this case.

As an initial matter, plaintiff will not be able to identify "two or more parties" that participated in the alleged conspiracy. Under § 1985(3), a plaintiff must prove that two or more individuals conspired to violate his constitutional rights. 42 U.S.C. § 1985(3). Under the intracorporate conspiracy doctrine, all of the actions of all of the ICE defendants collectively constitute the action of a single entity. *See Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). Therefore, at trial, plaintiff will not be able to rely on any of the interactions between any of the defendants to support a claim of conspiracy against them because they are all employed by the same entity.

3

Instead, plaintiff will have to prove that each defendant independently reached an agreement to engage in an unlawful conspiracy with some third-party who is not employed by ICE in order to show that "two or more" entities were involved. *See Jackson*, 925 F.3d at 817. When that third-party is not joined as a defendant, plaintiff can never meet that burden.

Non-parties cannot be held liable at trial for an alleged conspiracy. Non-parties cannot present evidence in their own defense or cross-examine witnesses. Therefore, evidence related to the alleged racial animus of a non-party would necessarily be inadmissible because it would be unfairly prejudicial to the actual defendants. In addition, in this particular case, any alleged non-party co-conspirators may not even appear at trial, since all of the events in this case occurred in the Western District. As a result, it would be fundamentally unfair to allow a plaintiff to accuse a defendant of conspiracy when his or her alleged co-conspirator is not a party and may not even be a witness.

This is especially true in this case because plaintiff has settled with the Grand Rapids Police Department.[1] (Pl. Resp., ECF No. 25, PageID.384 n.1). That

---

[1] Plaintiff alleges that the "willingness of some parties to accept responsibility cannot be used to preclude litigation against those who do not." (Pl. Resp., ECF No. 25, PageID.384). Plaintiff misunderstands his own settlement. Settlements are compromises in which the plaintiff avoids the risks of litigation, but the defendant neither admits liability nor wrongdoing. Therefore, plaintiff's settlement with Grand Rapids was explicitly not an "acceptance of responsibility."

4

settlement included a binding release and waiver of all claims plaintiff has against all Grand Rapids police officers. Therefore, as a matter of law, plaintiff can never prove that any Grand Rapids police officer conspired to violate his civil rights.

Accordingly, if there are no other defendants, and plaintiff can never prove that any Grand Rapids police officer violated his constitutional rights or conspired to do so, there is simply no way for plaintiff to prove a second member of the conspiracy under § 1985(3) and the intracorporate conspiracy exception bars his claims against Officer Lopez. *See Jackson*, 925 F.3d at 817.

It is important to note that this does not leave plaintiff without a remedy. Plaintiff could have pursued this case against Officer Lopez using the traditional avenues for these sorts of claims, such as the Federal Tort Claims Act or *Bivens*.[2] Instead, plaintiff strategically chose to file this case exclusively as a conspiracy, in the hopes that the Court would dramatically expand the reach of § 1985(3), rather than dismiss his claim entirely. Plaintiff accepted that risk; now he must accept the consequences of relying solely on this ill-suited claim.

## II.     Officer Lopez is Entitled to Qualified Immunity

Federal officials are entitled to qualified immunity from claims under § 1985(3). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017). To analyze a claim

---

[2] Defendant does not concede that plaintiff would be successful on such claims, but only that he would be more likely to survive a motion to dismiss.

5

for qualified immunity, courts use a two-part test: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Armstrong v. City of Melvindale*, 432 F.3d 695, 699 (6th Cir. 2006).

Here, Officer Lopez is entitled to qualified immunity from plaintiff's § 1985(3) claim. It is not clearly established that § 1985(3) applies to federal officials. *See Ziglar*, 137 S. Ct. at 1868–69. Further, it is not clearly established that federal officials can be liable under § 1985(3) when all defendants are employed by the same entity, plaintiff's claim of conspiracy rests entirely on proving defendants conspired with a non-party who was acting as a subordinate to ICE when assisting ICE to enforce the immigration laws, and plaintiff can never establish defendants' alleged co-conspirators are liable because plaintiff has released them from all liability without any finding of wrongdoing or responsibility.

### III. Plaintiff's § 1986 Claim Against Officer Lopez Should Be Dismissed

Generally, § 1986 does not apply to federal officials. *Vincent v. Dep't of Health & Human Servs.*, 600 F. Supp. 110, 111 (D. Nev. 1984), *aff'd*, 794 F.2d 683 (9th Cir. 1986); *Cmty. Bhd. of Lynn, Inc. v. Lynn Redevelopment Auth.*, 523 F. Supp. 779, 782–83 (D. Mass. 1981); *Stockheimer v. Underwood*, 428 F. Supp. 192,

194 (W.D. Wis. 1977). Because it is unlikely that § 1986 applies to federal officials, Officer Lopez is entitled to qualified immunity from plaintiff's § 1986 claim. In addition, claims under § 1986 are dependent upon claims under § 1985, such that if the claim under § 1985 fails, so does the § 1986 claim. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980). Because plaintiff has not stated a valid § 1985(3) claim against Officer Lopez, his claim under § 1986 also fails. In addition, Officer Lopez is entitled to qualified immunity from plaintiff's § 1986 claim because it is not clearly established that federal officials can be liable for such claims under these circumstances.

## Conclusion

Officer Lopez respectfully requests that the Court dismiss plaintiff's claims against him because plaintiff has failed to state a claim under 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986 and because Officer Lopez is entitled to qualified immunity.

Respectfully submitted,

**Matthew Schneider**
United States Attorney

*/s/ Zak Toomey*
**Zak Toomey** (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: June 10, 2020

7

**Certification of Service**

I hereby certify that on June 10, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Megan Colleen Pierce
Loevy & Loevy
311 N. Aberdeen Street 3rd Floor
Chicago, IL 60607
megan@loevy.com

Miriam J. Aukerman
American Civil Liberties Union of Michigan
West Michigan Regional Office
1514 Wealth St., Se
Grand Rapids, MI  49506
maukerman@aclumich.org

Daniel S. Korobkin
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI  48201
dkorobkin@aclumich.org

　　　　　　　　　　　　　　　　　　　　/s/ Zak Toomey
　　　　　　　　　　　　　　　　　　　　**Zak Toomey** (MO61618)
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　211 W. Fort Street, Suite 2001
　　　　　　　　　　　　　　　　　　　　Detroit, Michigan  48226
　　　　　　　　　　　　　　　　　　　　(313) 226-9617
　　　　　　　　　　　　　　　　　　　　zak.toomey@usdoj.gov